Robert A. Bailey (# 214688)
 rbailey@afrct.com
Leigh O. Curran (# 173322)
ANGLIN, FLEWELLING, RASMUSSEN,
 CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Telephone:  (626) 535-1900
Facsimile:  (626) 577-7764

Attorneys for Defendant  Wells Fargo Bank
N.A., successor by merger with Wells Fargo
Bank Southwest, N.A., formerly known as
Wachovia Mortgage FSB, formerly known as
World Savings Bank, FSB ("Wells Fargo")

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHELE A. GRAHAM,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; and<br>DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.: 3:14-CV-03965-JD<br><br>[The Honorable James Donato]<br><br>**NOTICE OF MOTION AND MOTION OF WELLS FARGO BANK, N.A. TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:       October 29, 2014<br>Time:       9:30 a.m.<br>Ctrm:       11, 19th Floor |

**TO PLAINTIFFS AND THE HONORABLE COURT:**

**PLEASE TAKE NOTICE** that on October 29, 2014, at 10:00 a.m., in Courtroom 11 of

the above-entitled court, located at 450 Golden Gate Ave., San Francisco, California, the

Honorable James Donato presiding, defendant Wells Fargo Bank N.A., successor by merger with

Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage FSB, formerly

known as World Savings Bank, FSB ("Wells Fargo") will move this Court for an order

dismissing the first through ninth claims for relief in the First Amended Complaint ("FAC").

This motion is brought pursuant to Fed. R. Civ. P. 12(b)(6) and (e), Fed. R. Civ. P. 8, and

Fed. R. Civ. P. 9(b).  The motion is made on the following grounds:

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    First Claim for Relief:  Violation of Civil Code § 2924

2    The claim is vague and indefinite because it cannot be ascertained whether Plaintiff is

3    alleging a claim for wrongful foreclosure or a claim for violation of statutes.

4    Plaintiff has not stated a claim on which relief can be granted based on a violation of Cal.

5    Civ. Code §2924(e) because she has alleged no facts suggesting that the notices of default

6    contained incorrect amounts.

7    Plaintiff has not stated a claim on which relief can be granted based on a violation of Cal.

8    Civ. Code § 2924.17(b) because (i) she has not alleged facts suggesting that any declaration or

9    notice was inaccurate; and (ii) because she has not alleged any injury resulting from the

10   purported statutory violation.

11   Plaintiff has not stated a claim on which relief can be granted based on a violation of Cal.

12   Civ. Code § 2924.18 because (i) this section applies only to small volume servicers; and (ii)

13   because she has not alleged any injury resulting from the purported statutory violation.

14   Plaintiff has not stated a claim on which relief can be granted based on a violation of Cal.

15   Civ. Code § 2923.7 because (i) the section does not apply to second lien loans; and (ii) because

16   she has not alleged any injury resulting from the purported statutory violation.

17   Second Claim for Relief:  Violation of Civil Code § 2924.18

18   Plaintiff has not stated a claim on which relief can be granted based on a violation of Cal.

19   Civ. Code § 2924.18 because (i) this section applies only to small volume servicers; and (ii)

20   because she has not alleged any injury resulting from the purported statutory violation.

21   Third Claim for Relief:  Violation of Civil Code § 2924.17(b)

22   Plaintiff has not stated a claim on which relief can be granted based on a violation of Cal.

23   Civ. Code § 2924.17(b) because (i) she has not alleged facts suggesting that any declaration or

24   notice was inaccurate; and (ii) because she has not alleged any injury resulting from the

25   purported statutory violation.

26   Fourth Claim for Relief:  Violation of Civil Code § 2923.7

27   Plaintiff has not stated a claim on which relief can be granted based on a violation of Cal.

28   Civ. Code § 2923.7 because (i) the section does not apply to second lien loans; and (ii) because

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    she has not alleged any injury resulting from the purported statutory violation.

2          Fifth Claim for Relief:  Breach of Contract

3          (1) This Court lacks jurisdiction over actions to enforce the settlement agreement reached

4    by the parties in *"In re Pick-A-Payment" Mortgage Marketing And Sales Practices Litigation*

5    (N.D. Cal. Case No. 5:09-md-02015) and a separate lawsuit is not the proper process to enforce

6    that agreement; (2) Plaintiff lacks standing to enforce the Consent Judgment in *United States v.*

7    *Bank of America,* (D.D.C. Case No. 1:12-cv-00361 RMC); and (3) venue over claims to enforce

8    the Consent Judgment is the U.S. District Court for the District of Columbia.

9          Sixth Claim for Relief:  Breach of the Implied Covenant of Good Faith & Fair Dealing

10         (1) This Court lacks jurisdiction over actions to enforce the settlement agreement reached

11   by the parties in *"In re Pick-A-Payment" Mortgage Marketing And Sales Practices Litigation*

12   (N.D. Cal. Case No. 5:09-md-02015) and a separate lawsuit is not the proper process to enforce

13   that agreement; (2) Plaintiff lacks standing to enforce the Consent Judgment in *United States v.*

14   *Bank of America,* (D.D.C. Case No. 1:12-cv-00361 RMC); and (3) venue over claims to enforce

15   the Consent Judgment is the U.S. District Court for the District of Columbia.

16         Seventh Claim for Relief:  Promissory Estoppel

17         Plaintiff has not stated a claim on which relief can be granted because (1) Plaintiff has

18   failed to allege a clear and unambiguous promise; and (2) Plaintiff has failed to allege facts

19   establishing that her reliance on such promise was reasonable and foreseeable.

20         Eighth Claim for Relief:  Negligence and Negligence Per Se

21         The claim is vague and indefinite because it cannot be ascertained whether Plaintiff is

22   alleging a claim for wrongful foreclosure or a claim for violation of statutes.

23         Plaintiff has not stated a claim for negligence based on duties imposed by the statutes

24   because she has not alleged facts sufficient to establish a violation of the statutes or resulting

25   injury, as explained, *supra*, in connection with the first claim for relief.

26         Ninth Claim for Relief:  Violations of Bus. & Prof. Code § 17200, et seq.

27         Plaintiff has not stated a claim on which relief can be granted because she has suffered no

28   injury in fact and thus lacks standing to assert a claim.

1    Plaintiff has not stated a claim for "fraudulent practices" because she has not pled false

2    statements with particularity under Fed. R. Civ. P. 9(b).

3    Plaintiff has not stated a claim for "unlawful practices" because she has not alleged facts

4    sufficient to establish a violation of the statutes or resulting injury, as explained, *supra*, in

5    connection with the first claim for relief.

6    Plaintiff has not stated a claim for "unfair practices" because she has not alleged facts

7    suggesting that an antitrust law has been violated, nor that Wells Fargo's alleged acts or

8    omissions threaten or harm competition.  To the extent she is "tethering" her unfair practices

9    claim to violations of the statutes described in her first claim for relief, she has not alleged she

10   has not alleged facts sufficient to establish a violation of the statutes or resulting injury, as

11   explained, *supra*, in connection with the first claim for relief.

12   Pursuant to Local Rule 7-3(a) and 7-3(c), the opposition to this motion must be filed and

13   served within 14 days after this motion is filed and served.  The reply must be filed and served

14   within 7 days after the opposition is filed and served.

15   This motion will be based on this notice, the attached Memorandum of Points and

16   Authorities, the accompanying Request for Judicial Notice and exhibits thereto, the documents

17   on file in this action, the argument of counsel, and on such other information as the Court may

18   deem appropriate.

19   Dated:  September 16, 2014

Respectfully submitted,

ANGLIN, FLEWELLING, RASMUSSEN,
20   CAMPBELL & TRYTTEN LLP

21

22   By: _____ */s/ Leigh O. Curran*

Attorneys for Defendant WELLS FARGO BANK,
23   N.A., successor by merger with Wells Fargo Bank

Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a
24   World Savings Bank, FSB ("Wells Fargo")

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF CONTENTS

Page

1. INTRODUCTION .........................................................................................1

2. SUMMARY OF THE PLEADINGS AND JUDICIALLY NOTICEABLE
   DOCUMENTS............................................................................................1

   A.    The First Loan...................................................................................1

   B.    The ELOC..........................................................................................1

   C.    Foreclosure Proceedings ..................................................................2

   D.    Plaintiff's Claims In This Case ........................................................2

3. THE FIRST CLAIM (VIOLATION OF CIVIL CODE §2924) MUST BE
   DISMISSED ...............................................................................................2

   A.    The Claim Is Hopelessly Vague And Indefinite ..............................2

   B.    To The Extent Plaintiff Is Asserting A Wrongful Foreclosure Claim, As
         Suggested In Paragraph 50, That Claim Fails...................................2

   C.    Plaintiff Has Not Pled A Cause Of Action Based On Statutory Violations ...........3

         i.     Cal. Civ. Code §2924(e) .........................................................3

         ii.    Cal. Civ. Code §2924.17..........................................................3

         iii.   Cal. Civ. Code §2924.18..........................................................5

         iv.    Cal. Civ. Code §2923.7............................................................6

4. THE SECOND CLAIM (VIOLATION OF § 2924.18) MUST BE DISMISSED...........6

5. THE THIRD CLAIM (VIOLATION OF §2924.17(b)) MUST BE DISMISSED.............7

6. THE FOURTH CLAIM (VIOLATION OF CIVIL CODE §2923.7) MUST BE
   DISMISSED ...............................................................................................7

7. THE FIFTH AND SIXTH FOR BREACH OF CONTRACT AND BREACH OF
   THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING MUST
   BE DISMISSED .........................................................................................7

   A.    This Court Lacks Jurisdiction To Enforce The Pick-A-Payment
         Settlement. ........................................................................................7

   B.    Plaintiff Lacks Standing To Enforce The NMS, And The Only Venue For
         Resolving Such Claims Is The U.S. District Court For The District Of
         Columbia............................................................................................8

   C.    The Claims Are Hopelessly Vague And Conclusory. .......................9

8. THE SEVENTH CLAIM FOR PROMISSORY ESTOPPEL IS ILLUSORY AND
   THE ALLEGATIONS OF RELIANCE AND INJURY ARE INSUFFICIENT ............9

9. THE EIGHTH CLAIM FOR NEGLIGENCE MUST BE DISMISSED.........................10

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

10. THE THIRD CLAIM FOR VIOLATION OF BUS. & PROF. CODE § 17200
FAILS ALONG WITH THE OTHER CLAIMS..............................................................10

   A.    Plaintiff Has Not Stated A Claim Based On "Fraudulent" Practices....................11

   B.    Plaintiff Has Not Stated A Claim Based On "Unlawful" Practices.......................12

   C.    Plaintiff Has Not Stated A Claim Based On "Unfair" Practices. ..........................12

   D.    Plaintiff Has Not Articulated Standing Under The UCL.......................................13

11. CONCLUSION.............................................................................................................14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

2

<u>**TABLE OF AUTHORITIES**</u>

3

**Page(s)**

4

F<small>EDERAL</small> C<small>ASES</small>

5   *Chan v. Chancelor,*

6       2011 U.S. Dist. LEXIS 136235 (S.D. Cal. Nov. 28, 2011) ...................................................12

7   *Nguyen v. Wells Fargo Bank, N.A.,*
        749 F. Supp. 2d 1022 (N.D. Cal 2010) ...........................................................................11

8   *Rosenfeld v. JPMorgan Chase Bank, N.A.,*

9       732 F. Supp. 2d 952 (N.D. Cal. 2010) ...............................................................................2

10  *Vess v. Ciba-Geigy Corp. USA,*
        317 F.3d 1097 (9th Cir. 2003) ..........................................................................................11

11

S<small>TATE</small> C<small>ASES</small>

12

13  *Byars v. SCME Mortg. Bankers, Inc.,*
        109 Cal. App. 4th 1134 (2003) ........................................................................................13

14  *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,*

15      20 Cal. 4th 163 (1999) .....................................................................................................11

16  *Clayworth v. Pfizer, Inc.,*
        49 Cal. 4th 758 (2010) .....................................................................................................13

17
    *Durell v. Sharp Healthcare,*
18      183 Cal. App. 4th 1350 (2010) ........................................................................................13

19
    *Farmers Ins. Exch. v. Super. Ct.,*
20      2 Cal. 4th 377 (1992) .......................................................................................................11

21  *Farmers Ins. Exch. v. Superior Court,*
        2 Cal. 4th 377 (1992) .......................................................................................................12

22
    *Hall v. Time, Inc.,*
23      158 Cal. App. 4th 847 (2008) ..........................................................................................13

24  *Ingels v. Westwood One Broad. Servs., Inc.,*
        129 Cal. App. 4th 1050 (2005) ........................................................................................12
25
    *Laks v. Coast Fed. Sav. & Loan Ass'n,*
26      60 Cal. App. 3d 885 (1976) ...............................................................................................9

27
    *Lazar v. Superior Court,*
28      12 Cal. 4th 631 (1996) .....................................................................................................12

*Morgan v. AT&T Wireless Servs., Inc.*,
    177 Cal. App. 4th 1235 (2009) ................................................................11

*Scripps Clinic v. Superior Court*,
    108 Cal. App. 4th 917 (2003) ................................................................13

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*,
    17 Cal. 4th 553 (1998) ................................................................11

*Tarmann v. State Farm Mut. Auto Ins. Co.*,
    2 Cal. App. 4th 153 (1991) ................................................................12

**STATE STATUTES**

Cal. Bus. & Prof. Code §§ 17200, *et seq.* ................................................................10, 11, 12, 13

Cal. Bus. & Prof. Code § 17204 ................................................................13

**RULES**

Fed. R. Civ. P. 9(b) ................................................................11, 12

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    INTRODUCTION

Plaintiff has two loans with Wells Fargo—a loan secured by a first deed of trust ("First Loan") and an Equity Line of Credit ("ELOC") secured by a second deed of trust.   Both loans have been in default for a period of years.  Plaintiff's first amended complaint is a vague, confusing mix of allegations that pertain to her effort to obtain modifications of the loans and purported defects in the documents that were recorded in connection with foreclosure proceedings.

All but two of Plaintiff's claims for relief are predicated on Wells Fargo's alleged violations of provisions of the California Civil Code governing foreclosure proceedings.  As briefed below, Plaintiff has failed to state a claim under any of the statutory sections on which she relies.

The other two claims assert violations of settlements agreements Wells Fargo reached in two unrelated lawsuits.  However, as briefed below, claims to enforce the first agreement must be dismissed because Judge Seeborg has exclusive jurisdiction over all such claims.  As for the second agreement, plaintiff is neither a party nor a third-party beneficiary, and thus, lacks standing to assert a claim to enforce the agreement.

Accordingly, the first amended complaint should be dismissed.

### 2.    SUMMARY OF THE PLEADINGS AND JUDICIALLY NOTICEABLE DOCUMENTS

#### A.    The First Loan.

On or about September 28, 2004, Plaintiff Michele Graham borrowed $365,000 from World Savings Bank, FSB.  The First Loan was memorialized in a promissory note secured by a deed of trust against the property located at 1711 Stuart Street, Berkeley, CA 94703 ("Property").  Request for Judicial Notice ("RJN"), Exs. 1, 2.  *See* FAC, ¶ 6.

#### B.    The ELOC.

On or about June 13, 2005, Plaintiff and Debrah Lee Armitage entered into the ELOC with World Savings.  The ELOC was memorialized in a written agreement and was secured by a deed of trust against the Property.  RJN, Exs. 3, 4.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## C.     Foreclosure Proceedings

Plaintiff failed to make the payments due under the ELOC, and a notice of default was recorded on November 1, 2012.  RJN, Ex. 5.  A notice of trustee's sale was recorded on March 24, 2014.  *Id.*, Ex. 6.

Plaintiff also failed to make payments due under the First Loan, and a notice of default was recorded on September 30, 2013.  RJN, Ex. 7.  However, no notice of sale has been recorded based on the default of the First Loan.

## D.     Plaintiff's Claims In This Case

Plaintiff asserts that Wells Fargo violated various provisions of the Home Owners Bill of Rights (HBOR).  While it is not clear from her pleading, it appears that she contends that Wells Fargo violated HBOR's dual tracking prohibition and HBOR's requirements that certain servicers appoint a single point of contact (SPOC), and that Wells Fargo recorded inaccurate documents.  As briefed below, Plaintiff has not pled a viable claim for relief.

## 3.     THE FIRST CLAIM (VIOLATION OF CIVIL CODE §2924) MUST BE DISMISSED

## A.     The Claim Is Hopelessly Vague And Indefinite

The first count purports to be for "Violation of Civil Code §2924."  (FAC at 7:24).  However, Plaintiff then alleges that "failures to comply with Civil Code sections 2924(e), 2924.17(b), 2924.18 and 2923.7 constitute a basis for wrongful foreclosure under the comprehensive non-judicial foreclosure process detailed in Civil Code section 2924, et seq."  (FAC ¶50).  Does she mean this to be a claim for wrongful foreclosure or one for a breach of a statute?  To further confuse matters, in the second to fourth causes of action, Plaintiff separately realleges breaches of the same Civil Code sections.  Thus, it is not at all clear just what claim Plaintiff advances in the first cause of action.  Because it fails to satisfy even the requirements of Fed. R. Civ. P. 8, a more definite statement is warranted.  Fed. R. Civ. P. 12(e).

## B.     To The Extent Plaintiff Is Asserting A Wrongful Foreclosure Claim, As Suggested In Paragraph 50, That Claim Fails

A wrongful foreclosure claim requires a completed sale; otherwise, the claim is "premature."  *Rosenfeld v. JPMorgan Chase Bank, N.A.,* 732 F. Supp. 2d 952, 961 (N.D. Cal. 2010).  Here, plaintiff alleges only a *threat* of a sale—not a completed sale.  (*See* FAC, ¶ 48

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   ("threatened foreclosure proceedings").  Accordingly, a wrongful foreclosure claim will not lie.

2       Plaintiff also fails to articulate the tender or an excuse from tender that is necessary to

3   assert a wrongful foreclosure claim.  *See Guerrero v. Greenpoint Mortg. Funding, Inc*., 403 Fed.

4   Appx. 154, 157 (9th Cir. 2010) (plaintiff-borrowers "lacked standing to bring a claim for

5   'wrongful foreclosure,' because they failed to allege actual, full, and unambiguous tender of the

6   debt owed on the mortgage.").

7       Finally, she cannot articulate any prejudice she has suffered as a result of the alleged

8   wrongdoing.  Her property has not been sold.  Although Plaintiff has not made a payment in

9   years, she can still reinstate her loans if she is able.  Under these circumstances, Plaintiff cannot

10  maintain a wrongful foreclosure claim.

11  **C.**   **Plaintiff Has Not Pled A Cause Of Action Based On Statutory Violations**

12      To the extent this cause of action amounts to a generalized claim of statutory violations,

13  none of the four sections referenced in paragraph 50 of the FAC will support such a claim.

14          **i.**   **Cal. Civ. Code §2924(e)**

15      Section 2924(e) discusses the contents of Notices of Default and states that there is a

16  presumption that beneficiary knew the actual amount of the amounts owed subject to the notice

17  of default.[1]  Plaintiff, however, has alleged no facts suggesting that either of the notices of

18  default contains incorrect amounts.  Thus, she has not pled a violation of the statute.

19          **ii.**   **Cal. Civ. Code §2924.17**

20      Section 2924.17(a) requires that certain recorded documents—including declarations

21  recorded pursuant to 2923.5 or 2923.55—"be accurate and complete and supported by competent

22  and reliable evidence."  Subdivision (b) requires the lender to "ensure that it has reviewed

23  competent and reliable evidence to substantiate the borrower's default and the right to foreclose,

24  including the borrower's loan status and loan information," before recording such documents.

25

26  ---
    [1]   "There is a rebuttable presumption that the beneficiary actually knew of all unpaid loan

27  payments on the obligation owed to the beneficiary and secured by the deed of trust or mortgage
    subject to the notice of default. However, the failure to include an actually known default shall

28  not invalidate the notice of sale and the beneficiary shall not be precluded from asserting a claim
    to this omitted default or defaults in a separate notice of default."  Cal. Civ. Code § 2924(e),

1    Plaintiff's claim appears to be based on the notice of default recorded with respect to the

2    First Loan, which attaches a declaration attesting to the bank's compliance with § 2923.55 (FAC,

3    ¶24).   There, a bank employee attested that the bank had "contacted the borrower pursuant to

4    California Civil Code §2923.55(b)(2) to 'assess the borrower's financial situation and explore

5    options for the borrower to avoid foreclosure,'" and that 30 or more days had passed since the

6    initial contact was made."   RJN, Ex. 7 (declaration dated 1/22/13).   Plaintiff alleges that, when

7    the declaration was executed, "at that time (January 2013), WELLS FARGO was not returning

8    Plaintiff's calls and did not provide Plaintiff with any of the requested information."   (FAC,

9    ¶24).   Thus, she alleges, the First Loan notice of default is "void."   (*Id.*)   These allegations do not

10   state a claim based on the violation of § 2924.17.

11    Even if the Court were to accept as true Plaintiff's allegation that Wells Fargo was not

12   returning calls *in January 2013*, this fact would not render the declaration "incomplete" or

13   "inaccurate."   Wells Fargo's employee attested that, **at least 30 days before the declaration**

14   **was executed on January 22, 2013**, the bank had contacted Plaintiff as required by

15   § 2923.55(b)(2).   A failure to return calls in the window between December 22, 2012 and

16   January 22, 2013 is completely irrelevant to whether this statement was accurate.

17    Indeed, plaintiff's own allegations indicate that Wells Fargo had, in fact, contacted her

18   regarding the availability of a loan modification program.   At paragraph 12 of the FAC, she

19   admits that "in or about late 2011," Wells Fargo communicated to her the "option" of

20   participating in the federal government's Home Affordable Mortgage Program (HAMP).   (FAC,

21   ¶12).

22    Even if Plaintiff could identify an inaccuracy in the First Loan notice of default (which

23   Wells Fargo denies), such an inaccuracy would be a technical defect, at best, that has caused her

24   no injury.   The Property has not been sold, and on at least two occasions subsequent to the

25   challenged compliance declaration,  Wells Fargo accepted from her complete loan modification

26   applications.   (FAC, ¶¶15, 30).

27    Moreover, plaintiff would have the Court overlook that the pending trustee's sale was set

28   and noticed based on the **ELOC** notice of default.   (RJN, Ex. 6; FAC, ¶31).   Defects in the *First*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   *Loan* notice of default cannot have possibly caused her injury.  *Rockridge Trust v. Wells Fargo*

2   *NA*, 2014 U.S. Dist. LEXIS 22234, *76 (N.D. Cal. Feb. 19, 2014)  (FAC ¶50).  ("Although there

3   are allegations of damages scattered throughout the SAC, Plaintiffs must provide a plausible

4   explanation of how the dual tracking or lack of notice provisions specifically—not just Wells

5   Fargo's  alleged wrongdoing generally—caused actual economic damages.").

6          **iii.**      **Cal. Civ. Code §2924.18**

7         Plaintiff also asserts a non-specific violation of Civil Code §2924.18 (FAC, ¶50), a

8   provision that "attempts to eliminate the practice, commonly known as dual tracking, whereby

9   financial institutions continue to pursue foreclosure even while evaluating a borrower's loan

10  modification application."  *See Rockridge,* 2014 U.S. Dist. LEXIS 22234 at *70.  Section

11  2924.18, however, "applies to 'small volume' servicers *i.e.*, those that have foreclosed on 175 or

12  fewer residential properties in California."  *Id.*; *see* Cal. Civ. Code §2924.18(b).[2]  This section is

13  not applicable to Wells Fargo, and hence, cannot be the basis for liability.

14        Plaintiff also cannot plead facts to show that "dual tracking" occurred within the meaning

15  of the statute.  The dual tracking prohibition of HBOR applies only to *first lien* loans.  *See* Cal.

16  Civ. Code § 2924.18(f) ("This section shall apply only to mortgages or deeds of trust described

17  in Section 2924.15"); § 2924.15(a) (unless otherwise provided, § 2924.18 "shall apply only to

18  first lien mortgages or deeds of trust . . . .").  Here, the "first track"—modification processing—

19  involved requests to modify both the First Loan and the ELOC.  (FAC, ¶16).  However, the

20  "second track"—foreclosure—is based solely on Plaintiff's default under the ELOC and the

21  notice of default and notice of trustee's sale that were recorded in connection with the ELOC.

22  (FAC, ¶35).  A second lien foreclosure is not covered by § 2924.18 at all, and thus, there was no

23  double tracking in violation of HBOR.

24

25  [2]     "This section shall apply only to a depository institution chartered under state or federal
26  law, a person licensed pursuant to Division 9 (commencing with Section 22000) or Division 20
    (commencing with Section 50000) of the Financial Code, or a person licensed pursuant to Part 1
27  (commencing with Section 10000) of Division 4 of the Business and Professions Code, that,
    during its immediately preceding annual reporting period, as established with its primary
28  regulator, foreclosed on 175 or fewer residential real properties, containing no more than four
    dwelling units, that are located in California."

1    Even if Plaintiff could plead facts to establish dual tracking, she has not been injured by

2    such activity.  *Rockridge,* 2014 U.S. Dist. LEXIS 22234 at *76 (plaintiff failed to provide a

3    plausible explanation of how the dual tracking provisions specifically "caused actual economic

4    damages.").   Because the Property has not been sold, and she has alleged no other forms of

5    economic harm, she has failed to state a viable claim.

6         **iv.    Cal. Civ. Code §2923.7**

7         Plaintiff next alleges a violation of Civil Code § 2923.7, HBOR's provisions concerning

8    the assignment of a single point of contact.  The precise violation she asserts is not clear.

9    Plaintiff admits that she was assigned a SPOC after she requested one in July 2013.  (FAC ¶¶17-

10   18).  She spoke to that person in the summer of 2013 (*id.*, ¶18), and in July 2013, was successful

11   in submitting a "complete loan modification application" (*id.*, ¶ 15). However, her efforts to

12   further communicate with the SPOC later that summer were unsuccessful. (*Id.*, ¶22).  Sometime

13   in early 2014, Wells Fargo assigned a new SPOC to plaintiff (*id.*, ¶ 33), and by April 2014,

14   plaintiff spoke to the SPOC (*id.*, ¶¶34-35).  Her complaint mentions no further trouble in

15   communicating with the SPOC after that time.  Plaintiff's allegations are insufficient to state a

16   claim for violation of § 2923.7.

17        First, to the extent plaintiff was seeking a modification of her **second-lien** ELOC, she

18   was not entitled to a SPOC.  (*See* FAC ¶16).  Section 2923.7 applies only to **first-lien**

19   modification requests.  *See id.* and Cal. Civ. Code §2924.15.

20        Second, as briefed above, Plaintiff cannot articulate any harm stemming from the alleged

21   violation.  No trustee's sale has taken place.  Moreover, she was assigned a new SPOC before

22   April 2014, and her complaint discloses no problems with communicating with her present

23   SPOC.  Without an actionable injury, Plaintiff has not stated a claim for relief.  *Rockridge,* 2014

24   U.S. Dist. LEXIS 22234 at *76.

25        In sum, no matter what theory lies behind Plaintiff's first cause of action, it does not state

26   a claim upon which relief can be granted.

27   **4.    THE SECOND CLAIM (VIOLATION OF § 2924.18) MUST BE DISMISSED**

28        This claim appears to duplicate the violation of §2924.18 that is described in the first

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    cause of action.  For the same reasons, it should be dismissed.

2    **5.      THE THIRD CLAIM (VIOLATION OF §2924.17(b)) MUST BE DISMISSED**

3            This claim appears to duplicate the violation of §2924.17(b) that is described in the first

4    cause of action.  For the same reasons, it should be dismissed.

5    **6.      THE FOURTH CLAIM (VIOLATION OF CIVIL CODE §2923.7) MUST BE
        DISMISSED**

6            This claim appears to duplicate the violation of §2923.7 that is described in the first cause

7    of action.  For the same reasons, it should be dismissed.

8    **7.      THE FIFTH AND SIXTH FOR BREACH OF CONTRACT AND BREACH OF THE
        IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING MUST BE
        DISMISSED**

10           The fifth and sixth causes of action both rely on two contracts:  (1) the settlement

11   agreement ("Pick-A-Payment Settlement") reached between Wells Fargo and the class of

12   plaintiffs in the multi-district litigation entitled *"In re Pick-A-Payment" Mortgage Marketing*

13   *And Sales Practices Litigation* (N.D. Cal. Case No. 5:09-md-02015); and (2) the Consent

14   Judgment in *United States v. Bank of America,* (D.D.C. Case No. 1:12-cv-00361 RMC), which is

15   commonly known as the National Mortgage Settlement ("NMS Consent Judgment").  A copy of

16   the Pick-A-Payment Settlement is attached to the RJN as <u>Exhibit 8</u>, and relevant excerpts from

17   the NMS Consent Judgment is attached as <u>Exhibit 9</u>.  Plaintiff cannot pursue claims to enforce

18   these agreements.

19   **A.      This Court Lacks Jurisdiction To Enforce The Pick-A-Payment Settlement.**

20           That agreement contains exclusive jurisdiction provisions.  Section XIV.B (page 55)

21   provides:

22                  The Parties agree that the Court shall retain **exclusive and continuing**
                   **jurisdiction** over the Lawsuit, the Parties, Settlement Class Members, and
23                  the Settlement Administrator in order to interpret and enforce the terms,
                   conditions, and obligations under this Agreement.

24   RJN, <u>Ex. 8</u>, § XIV.B at 55.  The parties defined "Court" to "mean[] the United States District

25   Court for the Northern District of California, the Honorable Jeremy F. Fogel, currently presiding,

26   or any other court that  obtains competent jurisdiction of the Lawsuit.  *Id.*, § 1.15 at 15.

27   "Lawsuit" was defined to "mean[] the action styled *In re Wachovia Corp. 'Pick-a-Payment'*

28   *Mortgage Marketing and Sales Practices Litigation*, Case No. M:09-CV-2015-JF, the Honorable

1    Jeremy F. Fogel presiding." *Id*., § 1.35 at 19.

2         The parties to the Pick-A-Payment Settlement also agreed that the agreement was

3    "subject to and conditioned upon" Judge Fogel's issuance of a judgment granting final approval

4    of the Settlement Agreement:

5              [The judgment] shall . . . [p]reserve the Court's **continuing and exclusive**
               **jurisdiction** over the Parties to this Agreement, including the Defendants

6              and all Settlement Class Members, to administer, supervise, construe, and
               enforce this Agreement in accordance with its terms for the mutual benefit

7              of the Parties, but without affecting the finality of the Judgment . . . .

8    RJN, Ex. 8, § XV.D.6 at 56-57.

9         Judge Fogel's order granting final approval of the Settlement Agreement stated: "[t]his

10   Court will retain continuing jurisdiction to interpret and enforce the settlement agreement." *In re*

11   *Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Practices Litig*., 2011 U.S. Dist.

12   LEXIS 55351 (N.D. Cal. May 17, 2011).  The case has since been reassigned to Judge Seeborg.

13        Based on these provisions, several courts in this district have rejected claims seeking to

14   enforce the Pick-A-Payment Agreement.  *Fiorilli v. Wells Fargo Bank, N.A*., 2014 U.S. Dist.

15   LEXIS 110017, *8-9 (N.D. Cal. Aug. 7, 2014); *Murphy v. Wells Fargo Home Mortgage*, 2013

16   U.S. Dist. LEXIS 118410, *31-32 (N.D. Cal. Aug. 19, 2013); *see also*, *Gonzalez v. Wells Fargo*

17   *Bank,* 2012 U.S. Dist. LEXIS 118355 (N.D. Cal. Aug. 21, 2012) (Davila, J.),

18        Here, Plaintiff's fifth and sixth counts seek to enforce the Pick-A-Payment Settlement.

19   Because Judge Seeborg has exclusive jurisdiction to hear these claims, and because a separate

20   action is not the proper process to enforce the agreement, the fifth and sixth causes of action

21   should be dismissed with prejudice.

22   **B.    Plaintiff Lacks Standing To Enforce The NMS, And The Only Venue For Resolving**
         **Such Claims Is The U.S. District Court For The District Of Columbia.**

23        The NMS Consent Judgment is enforceable only in the U.S. District Court for the District

24   of Columbia and only by a party to the Consent Judgment or the Monitoring Committee.  RJN,

25   Ex. 9 at  E-14 & E-15, ¶J.2 ("Servicer's obligations under this Consent Judgment shall be

26   enforceable solely in the U.S. District Court for the District of Columbia.  An enforcement action

27   under this Consent Judgment may be brought by any Party to this Consent Judgment or the

28   Monitoring Committee.").

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

In *Sanguinetti v. CitiMortgage, Inc*., 2013 U.S. Dist. LEXIS 130129 (N.D. Cal. Sept. 11,

2

2013), the court dismissed plaintiff's negligence claims based on the NMS Consent Judgment,

3

stating:

4

> When the government is the plaintiff, third-party beneficiaries of a consent
> judgment are presumptively incidental beneficiaries absent a clear

5

> expression in the consent decree that individual members of the public can
> enforce the agreement. Such clear intent must appear in the consent

6

> decree's precise language.

7

*Id*. at *16-*17.  The court found:

8

> [The NMS Consent Judgment's] precise language does not establish "a
> clear intent to rebut the presumption that the third parties [to the Consent

9

> Judgment] are merely incidental beneficiaries."  The Consent Judgment
> does not provide a basis for Plaintiffs' claims."

10

*Id*. at *17.

11

Here, as in *Sanguinetti*, Plaintiff is neither a party, nor a person authorized by the

12

Monitoring Committee, nor a third-party beneficiary of the NMS Consent Judgment.  Thus, she

13

lacks standing to assert the fifth and sixth causes of action.  Even if she had standing to sue, the

14

dispute could not be adjudicated in this Court as such claims are enforceable only in the U.S.

15

District Court for the District of Columbia.

16

**C.**     **The Claims Are Hopelessly Vague And Conclusory.**

17

Both the Fifth and Sixth Causes of Action are so vague and conclusory that it is

18

impossible to determine what portions of either agreement Wells Fargo is alleged to have

19

breached and how.  Without this basic information, the claims are hopelessly flawed and must be

20

dismissed.

21

**8.     THE SEVENTH CLAIM FOR PROMISSORY ESTOPPEL IS ILLUSORY AND
THE ALLEGATIONS OF RELIANCE AND INJURY ARE INSUFFICIENT**

22

A claim based on promissory estoppel for either equitable relief or damages requires:

23

"(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise

24

is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the

25

estoppel must be injured by his reliance."  *Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal. App.

26

3d 885, 890-891 (1976).

27

The FAC does not articulate a clear and unambiguous promise to support this claim.  It

28

provides only the conclusory statement that "Wells Fargo and its employees made clear and

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.: 3:14-CV-03965-JD
MEM OF POINTS & AUTHORITIES

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  unambiguous promises to Plaintiff as alleged herein." (FAC ¶81). What these multiple promises

2  are or when they were made is not at all clear. Indeed, Plaintiff's primary grievances "herein"

3  are premised on her *inability* to speak to Wells Fargo employees and their alleged failure to

4  provide information. None of these exchanges could be characterized as a promise, let alone

5  multiple "promises" each of which are clear and unambiguous in their terms.

6      Plaintiffs must also plead both reliance that is "reasonable and foreseeable" and an injury

7  resulting from that reliance. The allegations in the First Amended Complaint fail to meet either

8  one or both of these requirements.

9      Plaintiff again offers only a conclusory allegation that she reasonable relied on the

10  promises to her detriment. (FAC ¶¶83-85). She does not say what that relieance entailed or how

11  she was harmed. Such bald conclusions are insufficient to state a claim.

12      As each of Plaintiff's allegations supporting the injury and reliance elements of

13  promissory estoppel is deficient, her claim for promissory estoppel does not state a claim for

14  relief.

15  **9.    THE EIGHTH CLAIM FOR NEGLIGENCE MUST BE DISMISSED**

16      The eighth count for negligence is based on "duties" allegedly imposed by Civil Code

17  sections 2924, 2924(a)(5), 2924(e), 2924.17(b), 2924.18, and 2923.7. She incorporates the same

18  factual allegations as her previous counts.

19      For the reasons explained in § 3.C, *supra*, Plaintiff's claims do not state a claim for relief

20  based on the purported violation of these provisions of the Civil Code.[3]

21  **10.   THE THIRD CLAIM FOR VIOLATION OF BUS. & PROF. CODE § 17200 FAILS
        ALONG WITH THE OTHER CLAIMS**

22      California's Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.*

23  ("UCL"), precludes any unlawful, unfair, or fraudulent business act or practice. The UCL

24

25

___

26  [3]    Plaintiff purports to assert a violation of a particular subdivision—subdivision (a)—of
Civil Code §2924. This section explains the difference between a "mortgage" and a "pledge,"

27  and then sets forth the general rules for exercising a power of sale. Because she has not alleged
any new facts or legal theories, it appears that she has merely duplicated her first cause of action,

28  which purports to be based on a violation of Civil Code § 2924 but does not point to subdivision
(a) in particular.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

"borrows" violations of other laws and authorizes a separate action pursuant to the UCL.  *See*, *Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 393 (1992); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022 (N.D. Cal 2010) ("This cause of action is derivative of some other illegal conduct or fraud committed by a defendant, and a plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation"). Thus, a § 17200 claim "cannot be used to state a cause of action the gist of which is absolutely barred under some other principle of law." *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 566 (1998); *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999) ("A court may not allow a plaintiff to 'plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition.'").

Plaintiff relies on all three prongs of the statutes.  She alleges that Wells Fargo engaged in "fraudulent" practices by making false representations in the notice of default and falsely promising to honor the NMS and Pick-A-Pay settlements.  (FAC, ¶96).  She alleges that Wells Fargo engaged in "unlawful" practices by violating the various provisions of the HBOR described above.  (*Id.*, ¶97).  Finally, she alleges that Wells Fargo engaged in "unfair" practices by "violating the laws and underlying legislative policies designed to prevent foreclosure, where possible, including by requiring mortgage holders to engage in honest foreclosure prevention efforts."  (*Id.*, ¶98).

**A.    Plaintiff Has Not Stated A Claim Based On "Fraudulent" Practices.**

A practice is considered "fraudulent" under the UCL if it is "likely to deceive." *Morgan v. AT&T Wireless Servs., Inc*., 177 Cal. App. 4th 1235, 1254 (2009).

"[Fed. R. Civ. P.] Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (citation omitted).  "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or

1    misleading about a statement, and why it is false." *Id.* (citation omitted).  "Where the fraud

2    claim is against a corporation, the plaintiff's burden is 'even greater,' and the complaint must set

3    forth 'the names of the persons who made the allegedly fraudulent representations, their

4    authority to speak, to whom they spoke, what they said or wrote, and when it was said or

5    written.'"  *Chan v. Chancelor*, 2011 U.S. Dist. LEXIS 136235, 13-14 (S.D. Cal. Nov. 28, 2011)

6    (*quoting Lazar v. Superior Court*, 12 Cal. 4th 631, 645 (1996) and *Tarmann v. State Farm Mut.*

7    *Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991)).

8         Here, to the extent that plaintiff relies on purported false statements concerning the

9    bank's compliance with the NMS and the Pick-A-Payment settlement, the allegations of

10   "fraudulent" conduct fall well short of Rule 9(b)'s particularity requirements.  Plaintiff has not

11   identified *who* made the allegedly false representations, *what was said*, or *when.*

12        To the extent that plaintiff contends that false statements were made in the "notice of

13   default," the claim fails because she has not identified *which* notice of default contains false

14   statements (there were two) and precisely what information was false.

15   **B.    Plaintiff Has Not Stated A Claim Based On "Unlawful" Practices.**

16        An "unlawful" practice claim "'borrows' violations of other laws" and treats such

17   violations as independently actionable under section 17200.  *Farmers Ins. Exch. v. Superior*

18   *Court*, 2 Cal. 2th 377, 383 (1992).  If a claim cannot be stated under the "borrowed" law, a UCL

19   claim cannot be stated either.  *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th

20   1050, 1060 (2005).

21        Plaintiff appears to be relying on the same purported violations of Civil Code sections

22   2924, 2924(a)(5), 2924(e), 2924.17(b), 2924.18, and 2923.7 as her first cause of action.  For the

23   reasons discussed in § 3.C, she has not adequately pled a violation of these provisions.  Thus, her

24   UCL claim fails, too.

25   **C.    Plaintiff Has Not Stated A Claim Based On "Unfair" Practices.**

26        In *Cel-Tech Comms, Inc. v. Los Angeles Cell. Tel. Co.*, 20 Cal.4th 163, 187 (1999), the

27   California Supreme Court examined earlier definitions of "unfair."  One Court of Appeal stated

28   that the "unfair" prong required "the court must weigh the utility of the defendant's conduct

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   against the gravity of the harm to the alleged victim[.]"  *Id*. at 184 (*quoting State Farm Fire &*

2   *Casualty Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1104 (1996) (internal quotations

3   omitted)).  The Supreme Court held that this definition was "too amorphous and provide[d] too

4   little guidance to courts and businesses."  *Id*. at 185.  Instead, it held that conduct is "unfair"

5   when it "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one

6   of those laws because its effects are comparable to or the same as a violation of the law, or

7   otherwise significantly threatens or harms competition."  *Id*.

8          In consumer cases after *Cel-Tech*, appellate courts have held that the determination of

9   "unfair[ness]" is to be made with reference to a violation of a constitutional, statutory, or

10  regulatory provision.  *See Durell v. Sharp Healthcare,* 183 Cal. App. 4th 1350, 1366 (2010)

11  (demurrer upheld where plaintiff did not allege conduct tethered to any underlying constitutional,

12  statutory or regulatory provision, or that threatens an incipient violation of an antitrust law, or

13  violates the policy or spirit of an antitrust law); *Byars v. SCME Mortg. Bankers, Inc*., 109 Cal.

14  App. 4th 1134, 1147 (2003); *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 940 (2003)

15  (unfair act or practice must be "tethered" to constitutional, statutory, or regulatory violation).

16  Indeed, one of the cases that plaintiff herself cites, the court stated:  "where a claim of an unfair

17  act or practice is predicated on public policy, we read *Cel-Tech* to require that the public policy

18  which is a predicate to the action must be 'tethered' to specific constitutional, statutory or

19  regulatory provisions."  *Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 854 (2002).

20         Plaintiff has not alleged facts suggesting that an antitrust law has been violated, nor that

21  Wells Fargo's acts and omissions threaten or harm competition.  To the extent she is "tethering"

22  her unfair practices claim to violations of the statutes described in her first cause of action, her

23  UCL claim fails for the reasons described in § 3.C.

24  **D.     Plaintiff Has Not Articulated Standing Under The UCL.**

25         To bring a claim under the UCL, a plaintiff "must have suffered an injury in fact and lost

26  money or property as a result of … alleged unfair or fraudulent practices."  Cal. Bus. & Prof.

27  Code § 17204; *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 788 (2010).  "The phrase 'as a result'

28  in its plain and ordinary sense means 'caused by' and requires a showing of causal connection or

1  reliance on the alleged [unfair competition]." *Hall v. Time, Inc.,* 158 Cal. App. 4th 847, 855

2  (2008). Here, as noted throughout this motion, Plaintiff cannot articulate any injury. She has not

3  lost any money or property "as a result of" the purported violations of the Civil Code because the

4  Property has not been sold. Accordingly, she lacks standing to sue under the UCL.

5  **11.  CONCLUSION**

6  For the foregoing reasons, defendant Wells Fargo requests an order granting its motion to

7  dismiss each of the claims in the First Amended Complaint.

9  Dated:  September 16, 2014

Respectfully submitted,

ANGLIN, FLEWELLING, RASMUSSEN,
   CAMPBELL & TRYTTEN LLP

By: _____ */s/ Leigh O. Curran*
Attorneys for Defendant WELLS FARGO BANK,
N.A., successor by merger with Wells Fargo Bank
Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a
World Savings Bank, FSB ("Wells Fargo")

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**CERTIFICATE OF SERVICE**

     I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

     On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

*Served Electronically Via the Court's CM/ECF System:*

*Counsel for Plaintiffs:*

David L. Smart
Nicole Cherones
SMART LAW OFFICES
8880 Cal Center Drive, Suite 400
Sacramento, California 95826

Tel:  916.361.6020 | Fax:  916.361.6021

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on September 16, 2014.

| | |
|---|---|
| Kimberly Wooten | */s/ Kimberly Wooten* |
| (Type or Print Name) | (Signature of Declarant) |

CASE NO. 3:14-CV-03965-JD
CERTIFICATE OF SERVICE